UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE WILBURN,

               Plaintiff,

v.

ERIC KOMITEE, ERIC WACHTEL SILVERBERG, ANDREW GRUBIN, GABRIEL PARK, SAMUEL GREGORY, and ZACHARY TAYLOR, in their individual capacities,

               Defendants.

**MEMORANDUM & ORDER**
23-CV-6062 (HG) (JRC)

**HECTOR GONZALEZ**, United States District Judge:

On August 28, 2024, Plaintiff Andre Wilburn, currently detained at the Brooklyn Metropolitan Detention Center, filed this *pro se* action pursuant to 42 U.S.C. §§ 1983 and 1985. *See* ECF No. 1 (Complaint). On the same day, Plaintiff moved to proceed *in forma pauperis* ("IFP") and moved to have the United States Marshals Service ("USMS") serve the summons and Complaint. *See* ECF No. 1-2 (Motion for Service); ECF No. 2 (Motion for Leave to proceed IFP). Plaintiff's motion to proceed IFP is granted. However, for the reasons stated herein, the Court dismisses the Complaint. Because the Court dismisses the Complaint, Plaintiff's motion for service by the USMS is denied.

## BACKGROUND

Plaintiff is a defendant in two pending criminal actions in this District, *see United States v. Wilburn*, No. 19-cr-108, and *United States v. Brown, et al.*, No. 19-cr-139-04.[1] Plaintiff brings

---

[1] Plaintiff is scheduled to be sentenced in those actions on October 1, 2024 and October 7, 2024. *See United States v. Brown*, No. 19-cr-139, June 20, 2024, Set/Reset Hearings as to Andre Wilburn; *United States v. Wilburn*, No. 19-cr-108, August 20, 2024, Set/Reset Hearings as to Andre Wilburn.

this action against:  (i) the federal judge presiding over the criminal actions, Judge Eric Komitee, (ii) the Assistant United States Attorneys ("AUSAs") Eric Wachtel Silverberg, Andrew Grubin, and Gabriel Park, and (iii) the attorneys assigned to represent him, Samuel Gregory and Zachary Taylor.  *See* ECF No. 1 at 1.  Plaintiff alleges that Defendants conspired to violate his constitutional rights and coerce him into pleading guilty.  *See* ECF No. 1 at 2–4.  Plaintiff seeks an order declaring that Defendants have violated "federal laws and the United States Constitution."  *Id.* at 4.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a pro se complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).  Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is

---

[2]  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

immune from such relief." 28 U.S.C. § 1915A(b).  Similarly, pursuant to the IFP statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (i)-(iii).

## DISCUSSION

### I. Judicial Immunity

Plaintiff's claims against Judge Komitee must be dismissed because he is entitled to judicial immunity.  Judges and their supporting personnel have absolute immunity from suits alleging injuries arising out of judicial acts performed in their judicial capacities.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  "Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or (2) actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Kapsis v. Brandveen*, No. 09-cv-1352, 2009 WL 2182609, at *1 (E.D.N.Y. July 20, 2009).  Indeed, judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13.  Here, Plaintiff's claims against Judge Komitee only concern his involvement in presiding over Plaintiff's criminal cases.  *See* ECF No. 1 at 3–4.  Because Judge Komitee was acting within his judicial capacity, he is immune from this lawsuit.  Accordingly, the claims against Judge Komitee are dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## II.     Prosecutorial Immunity

Plaintiff's complaint also cannot proceed against AUSAs Eric Wachtel Silverberg, Andrew D. Grubin and Gabriel Park.  Prosecutors are entitled to absolute immunity while acting as advocates in the judicial phase of the criminal process.  *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process."); *see also Pizarro v. United States*, No. 22-cv-2125, 2022 WL 1751167 at *5 (S.D.N.Y. May 31, 2022) (dismissing complaint against AUSAs as frivolous and barred under the doctrine of prosecutorial immunity); *Tigano v. United States*, 527 F. Supp. 3d 232, 243 (E.D.N.Y. 2021) (holding that "[p]rosecutors performing core prosecutorial functions are entitled to absolute immunity from suit").  Such protected conduct includes, when the prosecutor "initiat[es] and pursu[es] a criminal prosecution" and acts undertaken "in preparing for the initiation of judicial proceedings or for trial."  *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005).  Here, Plaintiff's claims against the AUSAs are premised solely on their prosecutorial functions, *see* ECF No. 1 at 3, as the claims focus on plea negotiations with defense counsel, which were not taken in their individual capacities.  Because the AUSAs were acting within their prosecutorial capacities, Plaintiff's claims against them are dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## III.    Private Parties are not Liable under Section 1983

Finally, Plaintiff's complaint cannot proceed against his defense attorneys, Samuel Gregory and Zachary Taylor, because they are private parties.  For Plaintiff to bring a claim under 42 U.S.C. § 1983, Plaintiff must show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or

4

immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-cv-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). Even court-appointed attorneys do not become state actors by virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Because Defendants Gregory and Taylor were not acting as state actors in their representation of Plaintiff, Plaintiff's claims against them are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.     Young Abstention

In any event, the Court will not intervene in Plaintiff's pending criminal cases as it is barred under *Younger v. Harris*, 401 U.S. 27 (1971). *See McPhee v. United States*, No. 21-cv-8672, 2021 WL 5014815, at *2–3 (S.D.N.Y. Oct. 27, 2021) (extending the holding of *Younger* to federal court proceedings and finding that "when asked to intervene in pending federal criminal proceedings, courts have inevitably refused"). The Court will not entertain Plaintiff's objections to his guilty plea or issues related to his pending criminal actions, as this is not the proper forum to raise such objections.

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile. *See Lewis v. Walsh*, No. 24-cv-00098, 2024 WL 2835269, at *11 (N.D.N.Y. June 4, 2024) (recommending leave to amend be denied where the court recommended dismissing plaintiff's Section 1983 claim against a private attorney); *Johnson v. Horowitz*, No. 22-cv-0325, 2022 WL 683755, at *3 (E.D.N.Y. Mar. 7, 2022) (denying leave to amend where court abstained based on *Younger* from intervening in state criminal proceeding); *see also Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss complaint without leave to amend where amendment would be futile) .

## **CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) without leave to amend. The Court further denies Plaintiff's motion for the USMS to serve the complaint. ECF No. 1-2.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated:  Brooklyn, New York
          September 8, 2024